FILED
SUPERIOR COURT
OF GUAM

2020 JUN -1 PM 3: 31

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO. CF0281-15** |
| vs. | |
| **BJ JOHNNY,**<br>a/k/a **CO,**<br>DOB: 11/13/1984 | |
| **SIREN NATHAN,**<br>DOB: 10/09/1977 | **DECISION AND ORDER**<br>Codefendants' Motion *re* Restitution |
| **and** | |
| **BERNARDINO R. KANISTUS,**<br>DOB: 11/08/1975 | |
| **DEFENDANTS.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 12, 2019 upon **Bernadino R. Kanistus**'s Motion For Ability to Pay(sic), which asks the Court to order restitution of ten thousand dollars ($10,000.00) as statutorily limited in Title Nine, Article Three of the Guam Code Annotated ("GCA") (2005). Kanistus Mot. (Feb. 12, 2019); Nathan Joinder (May 12, 2019); Johnny Joinder (Jul. 2, 2019). Codefendant **BJ Johnny a/k/a Co** was represented by Assistant Alternate Public Defender James Spivey. Codefendant **Siren Nathan** was represented by Attorney Samuel Teker. Codefendant **Kanistus** was represented by Attorney John Terlaje. The Government

of Guam ("Government") was represented by Assistant Attorney Generals Dannis Le and Matthew Phelps. Having reviewed the written arguments and applicable laws presented, the Court hereby **GRANTS** Johnny, Nathan and Kanistus's (collectively "codefendants") motions regarding restitution.

## BACKGROUND

This matter stems from the events of May 2, 2015, in which a physical altercation with the victim, Saul Sos, prompted the arrests and charges of the codefendants. Johnny entered a plea agreement with the Government, while Kanistus and Nathan had separate trials by jury. On July 14, 2015, Johnny pled guilty to **Attempted Murder (As a First Degree Felony) with** *Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony*. Johnny J. (Sept. 20, 2016). On July 20, 2015, a trial by jury found Kanistus guilty of **Attempted Murder (As a First Degree Felony) and Aggravated Assault (As a Second Degree Felony)**. Kanistus J. (Sept. 20, 2016). On the same day, a different trial by jury found Nathan guilty of **Attempted Murder (As a First Degree Felony) and Aggravated Assault (As a Second Degree Felony),** both **with** *Special Allegations of Possession and Use of a Deadly Weapon in the Commission of a Felony*. Nathan J. (Sept. 20, 2016). On September 21, 2018, Nathan's aggravated assault and special allegation conviction were vacated by the Supreme Court of Guam. Nathan J. (Sept. 21, 2018). Sentencing hearings were held on August 5, 2016, August 26, 2016 and September 2, 2016, during which the Honorable Anita A. Sukola sentenced all codefendants to, *inter alia*, serve ten to fifteen years of incarceration and to make restitution to Sos in an amount later to be determined. Min. (Aug. 5, 2016, Aug. 26, 2016 and Sept. 2, 2016). The Government submitted restitution to Sos was four hundred ninety-nine thousand three hundred and ninety-four dollars and ninety-seven cents ($499,394.97). [1] Restitution Summ at 2 (Oct. 28, 2016). Kanistus filed his motion disputing the restitution amount based on 9 GCA § 80.50, which was later joined by Nathan and Johnny. Kanistus Mot; Nathan Joinder (May 14, 2019); Johnny Joinder (Jul. 2, 2019). No motion hearing was held.

/

---

[1] Sos's family received an award of twenty-three thousand one hundred fifty-three dollars and sixty-five cents ($32,153.65) from the Criminal Injuries Compensation Commission for the expenses incurred by Sos. Notice Award Compensation (Jan. 16, 2018).

**DISCUSSION**

Restitution is authorized under Title 9 Guam Code Annotated ("GCA") § 80.50 *et seq.* "A person who has been convicted of an offense may be sentenced to . . . make restitution not exceeding . . . Ten Thousand Dollars ($10,000.00), when the conviction is of a felony of the first or second degree[.]" 9 GCA § 80.50(a). The convictions in this matter are felonies in the first and second degree, which ordinarily limit restitution to ten thousand dollars ($10,000.00). See 9 GCA § 80.50(a). The Government argues restitution in excess of the statutory ceiling are permitted under § 80.50(e). See People v. Mallo, 2008 Guam 23 ¶ 41 and 9 GCA § 80.50(e) "A person who has been convicted of an offense may be sentenced to . . . make restitution not exceeding . . . [a]ny higher amount equal to double the . . . loss to the victim caused by the conduct constituting the offense by the offense." If such an amount is ordered, the court must make a finding as to the amount of restitution. Mallo, 2008 Guam 23 ¶ 43. On the other hand, an order for restitution that is $10,000.00 or less does not require such a finding. Id. The codefendants argue they are not able to pay the proposed restitution of $499,394.97. Kanistus Mot. at 2; Restitution Summ. 2. More or less, the codefendants argue restitution of almost five hundred thousand dollars ($500,000.00) would be unduly burdensome for them due to their lengthy incarceration and poor financial situation. Kanistus Mot. at 2; Nathan Joinder at 2; Johnny Joinder at 1.

The Government must prove by a preponderance of the evidence when seeking restitution in excess of $10,000.00. People v. Faisao, 2018 Guam 26 ¶ 13. Courts may use any rational method of setting restitution if it reasonably calculates an amount which would make the victim whole. People v. Goulart, 273 Cal. Rptr. 477, 483 (Cal. App. 4 Dist. 1990). The court only requires a determination of restitution that is reasonable and appropriate. U.S. v. Kearney, 672 F.3d 81 (1st Cir. 2012). In this instance, the Court finds § 80.50(e) should not be invoked because the likelihood of the codefendants making restitution to the victim for $499,394.97 is minimal. The factors contributing to this determination are as follows:

1.  Johnny is single with two minor dependents. Johnny Financial Decl. (May 6, 2015). His highest level of education is the completion of eleventh grade at Chuuk Elementary School. Johnny Mag. Rpt. (May 6, 2015). He was previously employed as a farmer, earning eighty-

five dollars ($85.00) daily. Id. at 2. He states no assets or other means of income. Id. Johnny is currently serving his ten year sentence. Min. (Sept. 2, 2016).

2. Nathan is single with two minor dependents. Nathan Mag. Rpt. (May 6, 2015). His highest level of education is the completion of fourth grade at Chuuk Elementary School. Id. He had been in the community for about two years, though he had no job, asset, bank account, property or means of income. Id; Nathan Financial Decl. (May 6, 2015). He is currently serving his fifteen year sentence. Min. at 2 (Aug. 5, 2016).

3. Kanistus financial status is less detailed; however, he avers he is unable to pay any restitution, let alone an amount higher than $10,000.00. Kanistus Mot. He is currently serving his fifteen year sentence. Min. at 2 (Aug. 26, 2016).

"The court shall not sentence an offender to . . . make restitution unless the offender is or, given a fair opportunity to do so, will be able to pay the . . . restitution(sic)." [2] 9 GCA § 80.52(c). In light of these facts, the Court finds the possibility of the codefendants making restitution above 10,000.00 highly unlikely, even upon release from incarceration. Their poor financial situation prior to arrest, as well as the stigma which inevitably follows a conviction, would worsen the already deteriorating financial states of the codefendants. "In determining the amount and method of payment of a fine or restitution, the court shall take into account the financial resources of the offender and the nature of the burden that its payment will impose. 9 GCA § 80.52(d). If the Court were to order restitution in excess of the minimal statutory limit of $10,000.00, payment would not be satisfied by the codefendants but rather the people of Guam. Thus, the Court finds it reasonable and appropriate that restitution be capped at $10,000.00.

/

---

[2] In People v. Faisao, the Supreme Court of Guam held no evidentiary hearing for restitution is required when the defendant stipulated to making restitution in his signed plea agreement, which he had the opportunity to consider and knowingly entered into. 2018 Guam 26 ¶ 28 (citing Mallo, 2008 Guam 23 ¶ 54). The defendant's plea agreement stated, "he would pay restitution to the victims and make payments if given a fair opportunity to do so." Id. This matter is distinguished from Faisao because Johnny's plea agreement had no such language. See Johnny J. and Plea Agreement (Jul. 24, 2015). Furthermore, if required to pay an amount inconsistent with Faiso, Johnny would then be ordered to make restitution for an amount five times his codefendants,

## CONCLUSION

By preponderance of the evidence and based on the foregoing conclusions, the Court hereby **GRANTS** the codefendants' motions and further **ORDERS** and **ADJUDGES** the following:

1. Codefendants are to pay a restitution to Sos in the amount of ten thousand dollars ($10,000.00).

2. Codefendants are jointly and severally liable for the full restitution amount stated above.

A _____FP_____ will be held on __06/24/2020 @ 10am__
For Siran Nathan only

**SO ORDERED** this __1__ day of June 2020.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam